# STATE OF WEST VIRGINIA
## SUPREME COURT OF APPEALS

**Amy Crites,**
**Plaintiff Below, Petitioner**

**vs) No. 16-0087** (Hardy County 15-C-28)

**Eastern West Virginia**
**Community and Technical**
**College and Charles Terrell,**
**Defendants Below, Respondents**

**FILED**

**March 24, 2017**

RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

## MEMORANDUM DECISION

Petitioner Amy Crites, by counsel Harley O. Staggers Jr., appeals the Circuit Court of Hardy County's January 4, 2016, orders granting respondents' motions to dismiss. Respondents Eastern West Virginia Community and Technical College ("Eastern") and Dr. Charles Terrell, by counsel Matthew R. Whitler and Benjamin P. Warder, filed a response and a supplemental appendix. Petitioner filed a reply. On appeal, petitioner argues that the circuit court erred in granting respondents' motions to dismiss based upon its doubt that petitioner would prevail in the action and by applying an incorrect standard of review.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the circuit court's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

In May of 2015, petitioner filed a complaint against her employer and respondent herein, Eastern. Petitioner also named Dr. Terrell, president of the college and respondent herein, as a defendant, both in his individual capacity and in his capacity as president of the college. According to the complaint, petitioner alleged that respondents threatened to decrease her compensation unless she transferred to another position sometime in 2012. Petitioner claimed that after her transfer, a male was hired to fill her old position at a higher salary. As a result, petitioner filed a complaint that asserted unlawful discriminatory practice with the West Virginia Human Rights Commission ("WVHRC"), which petitioner claimed issued her a letter granting her the right to sue her employer. Petitioner further alleged that respondents engaged in discrimination against her by denying her privileges normally allowed to other employees, such as denying her sick leave request. Petitioner also stated that in December of 2014, she testified during a trial against respondents involving a former Eastern employee. According to petitioner, her testimony addressed what she believed were other discriminatory actions by respondents. Following her testimony, petitioner alleged that respondents allowed hostile and intimidating

1

communications between employees concerning her testimony. Petitioner further claimed that respondents disciplined her for violating hiring practices that she could not implement in March of 2015. Ultimately, petitioner alleged that, because of these issues, the resulting hostile work environment altered the conditions of her employment.

In June of 2015, both respondents filed individual answers to petitioner's complaint, in addition to motions to dismiss the same. Following additional briefing on the motions to dismiss, the circuit court held a hearing on the motions in December of 2015. Thereafter, in January of 2016, the circuit court entered orders granting both of respondents' motions to dismiss. In the orders, the circuit court specifically found that petitioner's claims regarding events that occurred in 2012 were barred by the applicable statute of limitations. As to the timely causes of action, the circuit court found that petitioner's allegations against respondents "amount to nothing more than generalized workplace grievances pertaining to routine personnel issues" and did not rise to the level of actionable conduct committed by respondents. It is from these orders that petitioner appeals.

We have previously held that "'[a]ppellate review of a circuit court's order granting a motion to dismiss a complaint is *de novo*.' Syllabus Point 2, *State ex rel. McGraw v. Scott Runyan Pontiac-Buick, Inc.*, 194 W.Va. 770, 461 S.E.2d 516 (1995)." Syl. Pt. 2, *Hill v. Stowers*, 224 W.Va. 51, 680 S.E.2d 66 (2009). Additionally, we have held as follows:

> "The trial court, in appraising the sufficiency of a complaint on a Rule 12(b)(6) motion, should not dismiss the complaint unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." Syl. Pt. 3, *Chapman v. Kane Transfer Co.*, 160 W.Va. 530, 236 S.E.2d 207 (1977).

Syl. Pt. 2, *Roth v. DeFeliceCare, Inc.*, 226 W.Va. 214, 700 S.E.2d 183 (2010). Further, in addressing employment discrimination, we have set forth the following standard:

> "In order to make a prima facie case of employment discrimination . . . the plaintiff must offer proof of the following: (1) That the plaintiff is a member of a protected class. (2) That the employer made an adverse decision concerning the plaintiff. (3) But for the plaintiff's protected status, the adverse decision would not have been made." Syllabus Point 3, *Conaway v. Eastern Associated Coal Corp.*, 178 W.Va. 164, 358 S.E.2d 423 (1986).

Syl. Pt. 2, *Johnson v. Killmer*, 219 W.Va. 320, 633 S.E.2d 265 (2006). Upon our review, the Court finds no error in the circuit court's orders granting respondents' motions to dismiss.

In granting respondents' motions to dismiss, the circuit court specifically found that the allegedly discriminatory acts of which petitioner complained "amount[ed] to nothing more than generalized workplace grievances pertaining to routine personnel issues" and, therefore, did not rise to the level of actionable conduct by respondents. According to petitioner, this finding evidences the circuit court's failure to apply the appropriate standard of review in granting respondents' motions to dismiss, as the circuit court improperly granted those motions because it

did not believe she could prevail on her claims. To the contrary, the record on appeal is clear that the circuit court applied the appropriate standard of review and made its ruling upon the fact that, beyond doubt, petitioner could establish no set of facts that would entitle her to relief. This Court finds that the evidence supports the circuit court's findings.

On appeal, petitioner argues that respondents discriminated against her, in part, because of her December of 2014 testimony in an unrelated civil case involving another Eastern employee in an action against Eastern. However, the record shows that several of the alleged instances of discrimination of which petitioner complains occurred prior to her testimony in that separate proceeding. As such, it is unclear how respondents were alleged to have retaliated for an act that had not yet occurred. Further, of the alleged retaliatory acts that occurred following petitioner's testimony, the circuit court was correct in determining that these acts did not rise to the level of actionable discrimination. Two of the alleged instances of discrimination constituted other Eastern employees sending electronic correspondences with which petitioner did not agree, and a third was predicated on Dr. Terrell communicating his suggestion that petitioner advocated not following Eastern's policies. At no point does petitioner indicate how any of these alleged acts of retaliation constitute an adverse decision against her or set forth any evidence that respondents would not have engaged in these acts but for her protected class. Moreover, it is unclear to which protected class petitioner alleges she belongs. Simply put, petitioner has failed to establish a prima facie case of employment discrimination, and the circuit court correctly granted respondents' motions for summary judgment.

Lastly, petitioner takes issue with the circuit court's finding that Dr. Terrell was immune from liability below. The Court, however, finds that this issue is irrelevant to the resolution of this appeal, given that the circuit court specifically found that, despite Dr. Terrell's immunity, none of the alleged acts that he committed constituted valid claims of discrimination. As such, it is unnecessary to address the appropriateness of the circuit court's ruling with regard to Dr. Terrell's immunity.

For the foregoing reasons, the circuit court's January 4, 2016, orders granting respondents' motions to dismiss are hereby affirmed.

Affirmed.

**ISSUED**: March 24, 2017

**CONCURRED IN BY**:

Chief Justice Allen H. Loughry II
Justice Robin Jean Davis
Justice Menis E. Ketchum

**DISSENTING:**

Justice Margaret L. Workman

**DISSENTING AND WRITING SEPARATELY:**

Justice Elizabeth D. Walker


WALKER, J., dissenting:


The majority's cursory review of the circuit court's ruling granting Respondents' respective motions to dismiss overlooks significant legal issues and this Court's own precedent. Thus, I respectfully dissent. Occasionally there are circumstances when a motion to dismiss pursuant to Rule 12(b)(6) is appropriate in a case brought pursuant to the West Virginia Human Rights Act, West Virginia Code §§ 21-5-1 through -20 (the "Act"). In my view, this is not one of those cases.

Specifically, I do not believe that my colleagues in the majority gave appropriate attention to our long-held rule regarding motions to dismiss:

> The trial court, in appraising the sufficiency of a complaint on a Rule 12(b)(6) motion, should not dismiss the complaint unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.

Syl. pt. 3, *Chapman v. Kane Transfer Co., Inc.*, 160 W.Va. 530, 236 S.E.2d 207 (1977) (citation omitted). This Court has explained that the principles governing the sufficiency of a complaint in this State have been stated as follows:

> The Supreme Court stated in *Dimon v. Mansy* [198 W.Va. 40, 479 S.E.2d 339 (1996)] that "'the singular purpose of a Rule 12(b)(6) motion is to seek a determination whether the plaintiff is entitled to offer evidence to support the claims made in the complaint.'" All that is required to state a cause of action is a short and plain statement of a claim that will give the defendant fair notice of what plaintiff's claim is and the grounds upon which it rests. The Supreme Court has recognized that a motion under Rule 12(b)(6) should be viewed with disfavor and rarely granted. If the complaint states a claim upon which relief can be granted under any legal theory, a motion under Rule 12(b)(6) must be denied. Further, the mere failure of a complaint to identify the correct statutory section for a cause of action is not fatal, so long as the complaint pleads facts that state a cause of action under the correct section of a statute. However, "if a plaintiff does not plead all of the essential

4

elements of his or her legal claim, a [trial] court is required to dismiss the complaint pursuant to Rule 12(b)(6)." [sic]

A trial court should not dismiss a complaint merely because it doubts that the plaintiff will prevail in the action, because this is neither the purpose nor function of Rule 12(b)(6). If the complaint alleges sufficient facts, it must survive a Rule 12(b)(6) motion to dismiss even if it appears that recovery is very remote and unlikely. . . On a motion to dismiss, the complaint is construed in the light most favorable to the plaintiff. However, a trial court is free to ignore legal conclusions, unsupported conclusions, unwarranted references and sweeping legal conclusions cast in the form of factual allegations.

Although a plaintiff's burden in resisting a motion to dismiss is a relatively light one, the plaintiff is still required at a minimum to set forth sufficient information to outline the elements of his/her claim. If plaintiff fails to do so, dismissal is proper . . . .

Whether a complaint states a claim upon which relief may be granted is to be determined solely from the provisions of such complaint. Only matters contained in the pleading can be considered on a motion to dismiss under Rule 12(b)(6) . . . .

*Brown v. City of Montgomery*, 233 W.Va. 119, 126-127, 755 S.E.2d 653, 660-661 (2014) (citing Franklin D. Cleckley, Robin J. Davis, & Louis J. Palmer, Jr., *Litigation Handbook on West Virginia Rules of Civil Procedure*, § 12(b)(6)[2], at 384–88 (4th ed. 2012) (footnotes omitted)).

Petitioner was employed by Eastern West Virginia Community and Technical College (the "College"). Petitioner brought the underlying action against the College and its President, Dr. Charles Terrell. Petitioner's complaint alleges, among other things, that she was retaliated against in violation of the Act as a result of (1) filing a complaint of unlawful discrimination with the West Virginia Human Rights Commission; and (2) testifying as a witness in a jury trial against the College and Dr. Terrell. The complaint cites § 5-11-9 of the Act, which, among other things, makes it an unlawful discriminatory practice for "any person, employer, employment agency, labor organization, owner, real estate broker, real estate salesman or financial institution" to:

Engage in any form of reprisal or otherwise discriminate against any person because he or she has opposed any practices or acts forbidden under this article or because he or she has filed a complaint, testified or assisted in any proceeding under this article.

W.Va. Code § 5-11-9(7)(C).

Petitioner alleges in her complaint that she filed a complaint with the Commission "which alleged an unlawful discriminatory practice." She also alleges that she "testified at a jury trial regarding what she perceived to be discrimination at [the College]." Petitioner further

alleges in her complaint that "[b]ecause of her complaints and testimony, [Petitioner's] workplace was infected with harassing conduct and dirty tricks which changed the conditions of her employment" and that "[t]he harassment of [Petitioner] was sufficiently severe and pervasive to alter the condition of [Petitioner's] employment and create an abusive working environment." According to Petitioner's complaint, Respondents "were motivated to harass her because of her testimony and opposition to the unlawful discriminatory practices." With regard to Dr. Terrell, Petitioner alleges in her complaint that "the individual conduct of [Respondent] Charles Terrell was willful, deliberate, intentional, and was taken with the total disregard for the rights and sensibilities of [Petitioner] and similarly situated individuals."

Respondents contend that Petitioner's factual allegations are nothing more than bald, vague statements. Respondents insist that Petitioner's claims amount to nothing more than generalized workplace grievances pertaining to routine personnel issues. In addition, Dr. Terrell argues that he is entitled to sovereign immunity in spite of Petitioner's allegations to the contrary. The circuit court agreed and granted Respondents' respective motions to dismiss pursuant to Rule 12(b)(6).

The circuit court clearly imposed on Petitioner a higher standard than this Court has established for the sufficiency of pleadings in the context of a Rule 12(b)(6) motion. The orders discuss facts outside the pleadings and analyze Petitioner's likelihood of success as opposed to determining whether it is "beyond doubt that the [Petitioner] can provide no set of facts in support of [her] claim which would entitle [her] to relief." The majority's affirmation of this approach is contrary to our precedent and overlooks applicable law.

I would have reversed the circuit court's order and remanded the case to allow for further proceedings. Accordingly, I dissent.