# STATE OF WEST VIRGINIA
## SUPREME COURT OF APPEALS

Rebecca Martin,
**Plaintiff Below, Petitioner**

**FILED**

**October 20, 2017**

RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

vs) **No. 16-1099** (Kanawha County 15-C-594)

**Covestro LLC and Randy Hively,**
**Defendants Below, Respondents**

## MEMORANDUM DECISION

Petitioner Rebecca Martin, by counsel Hoyt Glazer, appeals the Circuit Court of Kanawha County's grant of summary judgment to respondents in its October 26, 2016, order. Respondents Covestro LLC and Randy Hively, by counsel Jan L. Fox and Mark C. Dean, filed their response to which petitioner submitted a reply.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law. For these reasons, a memorandum decision affirming the circuit court's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

Petitioner Rebecca Martin is an employee of Respondent Covestro LLC (formerly Bayer) ("Covestro") where she had been employed as a chemical operator in South Charleston since 2007. According to the circuit court, petitioner and Respondent Randy Hively ("Hively) previously worked together at Dow Chemical Company and the two got to know one another after petitioner was hired by Bayer in 2007. Prior to the events at issue, petitioner never had issues with or concerns about Hively and petitioner had not heard of concerns regarding Hively from other female employees. Hively worked as a shift supervisor but did not supervise petitioner's regular shift; however, Hively was petitioner's shift supervisor when she worked overtime.

On August 1, 2014, petitioner was scheduled to work an overtime shift beginning at 12:45 a.m., with the first four hours of that shift being under Hively's supervision. The unit where the two worked is located on an island in the middle of the Kanawha River in South Charleston. Normally, employees can park on the island near the jobsite, but construction and maintenance work on the bridge sometimes made it necessary for employees to move their cars to the "mainland" to ensure that their vehicles are available at the end of their shifts. Due to bridge issues on August 1, 2014, Hively asked a co-worker to watch petitioner's job while petitioner moved her car to the mainland. Hively offered petitioner a ride back to the island but also offered to have a security guard drive her back. Petitioner chose to ride back with Hively.

1

When she got into Hively's truck, Hively told petitioner he wanted her to know how much he cared for her son, Martin Powers, who had been discharged from his job at Covestro on July 31, 2014. Petitioner began to cry, and Hively placed his hand on petitioner's shoulder. Hively then briefly discussed a man that petitioner had dated many years prior, who was Hively's cousin.[1] The two then went back inside the workplace. Petitioner's regular supervisor arrived at 4:15 or 4:20 a.m., and petitioner told the supervisor about her conversation with Hively and that she needed to go home. That supervisor drove petitioner to the mainland to retrieve her car. Thereafter, petitioner missed over a month of work.

On March 27, 2015, petitioner filed her complaint.[2] She filed her amended complaint on April 8, 2015, setting forth four causes of action: (1) sexual harassment/hostile work environment; (2) defamation; (3) tort of outrage; and (4) deliberate intent. On June 30, 2015, petitioner gave notice to the circuit court that her deliberate intent claim was voluntarily withdrawn. By order entered on September 23, 2015, the circuit court dismissed petitioner's claim for the tort of outrage upon respondents' motion. By agreed order entered on July 7, 2016, petitioner stipulated to a voluntary withdrawal of her claim for defamation.

Respondents filed a motion for summary judgment on July 18, 2016, on petitioner's remaining claim of sexual harassment/hostile work environment, to which petitioner submitted a response and respondents later submitted a reply. The circuit court heard oral argument on that motion on August 19, 2016, and on October 26, 2016, entered its order granting summary judgment to respondents. In that order, the circuit court found that petitioner's claim for sexual harassment/hostile work environment fails as a matter of law, finding that if petitioner failed to prove any of the elements set forth in syllabus point five of *Hanlon v. Chambers*, 195 W.Va. 99, 464 S.E.2d 741 (1995), her claim of hostile work environment fails as a matter of law. The circuit court found that petitioner had identified only one isolated incident which she alleges was harassing – Hively's placing of his hand on her shoulder – which petitioner admitted had no sexual connotation. It also found that petitioner had failed to demonstrate that the conduct of which petitioner complained would have occurred "but for" petitioner's sex. In addition, it concluded that petitioner had failed to provide evidence of any conduct "that remotely could be described as severe." Thus, it held that the undisputed facts and conduct did not rise to the level of being sufficiently severe or pervasive to alter the conditions of petitioner's employment or create an abusive work environment. Because it held that petitioner's sexual harassment/hostile work environment claim fails as a matter of law, the circuit court granted summary judgment to respondents and dismissed petitioner's claim with prejudice. Petitioner appeals from that order.

As we have previously stated, "[a] circuit court's entry of summary judgment is reviewed *de novo*." Syl. Pt. 1, *Painter v. Peavy*, 192 W.Va. 189, 451 S.E.2d 755 (1994). Further,

> [s]ummary judgment is appropriate where the record taken as a whole

---

[1] Respondents' counsel contends that Hively raised this topic of conversation in order to change the subject due to petitioner's tears.

[2] Petitioner did not include a copy of the original complaint in the appendix.

could not lead a rational trier of fact to find for the nonmoving party, such as where the nonmoving party has failed to make a sufficient showing on an essential element of the case that it has the burden to prove.

Syl. Pt. 4, *id.*

In the instant case, petitioner sets forth four assignments of error. Initially, she asserts that the circuit court committed clear legal error and abused its discretion by improperly inferring from the facts that there was no hostile work environment or sexual harassment. She argues that she properly pled the required elements for a hostile work environment claim and offered sufficient evidence to support a jury conclusion that she suffered from harassment at work. Petitioner contends that based on her interaction with Hively, the other men in the workplace believed she would perform sexual favors so that she was shunned. While she asserts that the circuit court invaded the province of the jury when it held that the only conclusion to be drawn from the facts is that the subject conduct was not based on petitioner's gender, in support of that statement she points only to her counsel's argument during the summary judgment hearing below.

> To establish a claim for sexual harassment under the West Virginia Human Rights Act, W.Va.Code, 5-11-1, *et seq.,* based upon a hostile or abusive work environment, a plaintiff-employee must prove that (1) the subject conduct was unwelcome; (2) it was based on the sex of the plaintiff; (3) it was sufficiently severe or pervasive to alter the plaintiff's conditions of employment and create an abusive work environment; and (4) it was imputable on some factual basis to the employer.

Syl. Pt. 5, *Hanlon.*

Each of petitioner's other assignments of error fall within this single standard: the circuit court erred in finding the harassment was an isolated incident; the circuit court erred in finding that the subject conduct was not based on petitioner's sex; and the circuit court erred in finding that respondents' conduct was not sufficiently severe and pervasive as to alter the conditions of her employment. Therefore, we will address these alleged errors jointly.

Without citing to the record, petitioner claims that, because of Hively's actions, rumors circulated that petitioner was trying to trade sexual favors to get her son's job back. Petitioner also contends that the conduct was so severe and pervasive that it altered the conditions of her employment. She does not, however, contest the fact that Hively's physical contact with her shoulder happened during this single, isolated incident. Further, she admitted that Hively did not solicit sexual favors or engage in any sexual conversation with her. Instead, her argument disputing the isolated nature of the alleged harassment focuses on the rumors she says disrupted her work environment. While petitioner devotes a great deal of her argument to a quote she contends appears in *Hanlon*, the portion of the quote she emphasizes and upon which she relies

3

heavily does not appear in that case.[3] She also points to testimony from Barbara Buck, a production manager at the plant, who confirmed that a male employee came to her regarding rumors about petitioner and sexual favors. She also looks to deposition testimony from Danny Pritt, the secretary/treasurer for the plant employees' union, who cautioned "them guys" not to treat petitioner differently than they had before. In response, some of the male employees indicated to Mr. Pritt that they did not know what to say to petitioner.

In criticizing Covestro's investigation into her allegations, petitioner appears to ignore some of the relevant deposition testimony. For instance, Ms. Buck testified that when rumors came to management's attention, multiple meetings occurred with petitioner, Covestro management, and union representatives in an attempt to address petitioner's concerns. She also testified that she did not interview other employees because petitioner failed to provide any information that would enable Ms. Buck to follow up. Specifically, Ms. Buck testified that petitioner "told us the story of how her friend had texted her. Gave no names. Didn't supply us with any information on how we could even follow up with that. . . ." Ms. Buck still acted to quell any rumors that "could have possibly occurred." Petitioner even admitted that she was aware of Ms. Buck's efforts to squelch any rumors that may have occurred.

We have held that

> [a]n employee may state a claim for hostile environment sexual harassment if unwelcome sexual advances, requests for sexual favors, and other verbal or physical conduct of a sexual nature have the purpose or effect of unreasonably interfering with an individual's work performance or creates an intimidating, hostile, or offensive working environment.

Syl. Pt. 7, *Hanlon*. What petitioner fails to allege or in any way show this Court is that there was a connection between Hively's touching of petitioner's shoulder and any alleged rumors regarding sexual favors. She does not argue here that Hively started or spread the alleged rumors or that anything he said to others at the plant resulted in those rumors. She also fails to inform this Court the alleged duration of the circulation of such rumors. While it was mentioned in the context of an age discrimination claim, we previously agreed with a circuit court that "[a]n unfortunate fact of life is that the modern workplace is sometimes a rough and tumble environment, where pettiness, inconsideration and discourtesy reign. . . ." *Johnson v. Killmer*, 219 W.Va. 320, 326, 633 S.E.2d 265, 271 (2006). However, without satisfying the criteria set forth in *Hanlon*, such conduct is not actionable.

With regard to her assertion that the circuit court erred by finding that the subject conduct was not based on petitioner's sex, she contends that the difference between a man placing his hands on a woman's shoulders and rubbing her shoulders proves that Hively's conduct was based on her sex. Without citing to the record, she argues that the facts and circumstances clearly

---

[3] Despite the fact that respondents point out this error in their response brief, petitioner did not attempt to rescue that argument in her reply. Instead, it appears that she is choosing to ignore what appears to be a manufactured quote.

allow a jury to infer that Hively's actions and the resulting rumors were based on her sex. Again failing to cite the record, petitioner contends that the record evidence does not show that Hively touched male employees as he did petitioner. Due to her failure to cite to the record, it is unclear to this Court upon what evidence petitioner relies for that assertion. She also does not provide any information regarding whether rumors of a sexual nature were ever spread around the plant regarding male co-workers. Therefore, she has failed to show that she "adduced evidence to show that but for the fact of her sex, she would not have been the object of harassment." *Conrad v. ARA Szabo*, 198 W.Va. 362, 372, 480 S.E.2d 801, 811 (1996).

For these reasons, we find no error in the circuit court's grant of summary judgment to respondents.

For the foregoing reasons, we affirm.

Affirmed.

**ISSUED:** October 20, 2017

**CONCURRED IN BY:**

Chief Justice Allen H. Loughry II
Justice Robin Jean Davis
Justice Margaret L. Workman
Justice Menis E. Ketchum
Justice Elizabeth D. Walker