# IN THE INTERMEDIATE COURT OF APPEALS OF WEST VIRGINIA

**JAYMES FAULK,**
**Plaintiff Below, Petitioner**

**FILED**
**November 1, 2023**

EDYTHE NASH GAISER, CLERK
INTERMEDIATE COURT OF APPEALS
OF WEST VIRGINIA

**vs.) No. 22-ICA-209**          (Cir. Ct. Cabell Cnty. No. 18-C-454)

**MILDRED MITCHELL-BATEMAN HOSPITAL**
**Defendant Below, Respondent**

## MEMORANDUM DECISION

Petitioner Jaymes Faulk appeals the Circuit Court of Cabell County's September 28, 2022, order granting summary judgment against him in his racial discrimination and hostile work environment case. Respondent Mildred Mitchell-Bateman Hospital ("Hospital") timely filed its response.[1] Mr. Faulk filed a reply.

This Court has jurisdiction over this appeal pursuant to West Virginia Code § 51-11-4 (2022). After considering the parties' arguments, the record on appeal, and the applicable law, this Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the circuit court's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

Mr. Faulk began working at the Hospital as a Certified Nursing Assistant ("CNA") through a staffing agency, Aureus Nursing, in January of 2017.[2] The Hospital is a psychiatric facility located in Huntington, West Virginia, and operated by the Department of Health and Human Resources. The workforce at the Hospital includes both full-time employees and those who are contracted through staffing agencies to work for fixed periods of time, such as Mr. Faulk. While working as a CNA at the Hospital, Mr. Faulk received his paychecks from Aureus Nursing rather than the Hospital. During his time at the Hospital, Mr. Faulk's initial three-month contract placement was renewed several times.

---

[1] Mr. Faulk is represented by John-Mark Atkinson, Esq., and Robert B. Warner, Esq. Mildred Mitchell-Bateman Hospital is represented by Perry W. Oxley, Esq., David E. Rich, Esq., and Samantha J. Fields, Esq.

[2] Within the agreement between Aureus Nursing and the State of West Virginia, subsection 4.3.5 states that "[the] [f]acility reserves the right to terminate any RN, LPN, or CNA providing services to the facility."

While at the Hospital, Mr. Faulk's conduct was the subject of several investigations by Adult Protective Services ("APS"). Alleged incidents included Mr. Faulk transporting a patient without notification in direct violation of Hospital policy, using inappropriate language in front of patients, threatening to inject a patient with a needle during a verbal argument over a card game, and threatening to break a patient's finger. Mr. Faulk was also involved in an incident where he approached a female nurse from behind and attempted to scare her. The nurse reported this occurrence to her supervisor, who told Mr. Faulk to apologize, and reminded him that this behavior was inappropriate for an acute psychiatric facility. Another incident involved a patient accusing Mr. Faulk of hitting him in the eye. In total, during his thirteen months of employment, Mr. Faulk was suspended from work five times, causing him to miss 112 days of work. Each suspension coincided with a pending investigating, during which Mr. Faulk's position was left open, and the hospital functioned with one less CNA.

In March of 2018, the Hospital received a report that a discharged patient claimed that "a black guy named James" [sic] had raped her sometime between March 14, 2018, and March 17, 2018. Mr. Faulk was the only employee named "James" or "Jaymes" working at the Hospital on those dates who matched the report's description. Following this allegation, he was removed from the Hospital's work schedule pending an investigation conducted by APS. The allegation was eventually found to be unsubstantiated.

On March 27, 2018, Mr. Faulk's contract with the Hospital was terminated before the investigation into the rape allegation was completed. The decision was made by the Hospital's Chief Executive Officer, Craig Richards; Human Resources Director Tamara Kuhn; and Director of Nursing, Cheryl Williams. The Hospital cited the multiple prior investigations into Mr. Faulk's conduct as the reason for his termination.

On September 10, 2018, Mr. Faulk filed his Complaint against the Hospital in the Circuit Court of Cabell County. Count I alleged wrongful discharge based on racial discrimination under the West Virginia Human Rights Act, West Virginia Code §§ 5-11-1 to -20. Count II alleged a hostile work environment under the West Virginia Human Rights Act, and Count III alleged intentional infliction of emotional distress.[3]

During a deposition, Mr. Faulk admitted that that no one from the Hospital had said or done anything to make him believe that his termination was racially motivated, and that during his employment he had never felt discriminated against. Mr. Faulk also recognized that he was a contract worker and thus not entitled to the progressive disciplinary policy that the Hospital follows with its full-time employees.

---

[3] Although Mr. Faulk alleged a cause of action regarding intentional infliction of emotional distress below, he does not discuss this claim on appeal.

On December 21, 2020, the Hospital moved for summary judgment. Mr. Faulk filed his response to "Defendant's Motion for Summary Judgment" on August 26, 2022. The Hospital filed a "Reply in Support of Defendant's Motion for Summary Judgement" on August 29, 2022. On September 1, 2022, the circuit court held a hearing on the Hospital's motion for summary judgment. The Hospital argued that Mr. Faulk was terminated due to the five investigations into his conduct and that there was no evidence of racial intent. Mr. Faulk argued that the Hospital failed to give a clear reason for his termination, and that there was insufficient misconduct to justify the termination of his contract.

On September 28, 2022, the circuit court entered an order granting the Hospital summary judgment on all claims. The circuit court held that Mr. Faulk's complaint did not satisfy the three-prong discrimination test set forth in *Conaway v. Eastern Associated Coal Corp.*, 178 W. Va. 164, 170, 358 S.E.2d 423, 429 (1986). The circuit court found that there was no evidence of racial motivation with regard to the termination of Mr. Faulk's contract. Further, the circuit court concluded that even if Mr. Faulk could satisfy the three-prong *Conaway* test, the Hospital demonstrated a non-discriminatory reason for Mr. Faulk's termination, in that there were several allegations of abuse and neglect of patients, and Mr. Faulk offered no evidence that this reason was merely a pretext. The circuit court found that Mr. Faulk had been the subject of five APS investigations during his thirteen months at the Hospital, and each of these investigations carried a suspension from work, resulting in Mr. Faulk's absence for 27% of his scheduled work hours. Similarly, with regard to Mr. Faulk's claim of a hostile work environment, the circuit court found that Mr. Faulk offered no evidence to support his claim. It is from this order that Mr. Faulk now appeals.

Our standard of review is as follows, as set forth by the Supreme Court of Appeals of West Virginia, "[a] circuit court's entry of summary judgment is reviewed *de novo*." Syl. Pt. 1, *Painter v. Peavy*, 192 W. Va. 189, 451 S.E.2d 755 (1994). In conducting our *de novo* review, we apply the same standard for granting summary judgment that is applied by the circuit court. Under this standard,

> [s]ummary judgment is appropriate where the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party, such as where the nonmoving party has failed to make a sufficient showing on an essential element of the case that it has the burden to prove.

*Id*. at 190, 451 S.E.2d at 756, syl. pt. 4. We note that "[t]he circuit court's function at the summary judgment stage is not to weigh the evidence and determine the truth of the matter, but is to determine whether there is a genuine issue for trial." *Id*. at 190, 451 S.E.2d at 756, syl. pt. 3. Finally, we recognize that "the party opposing summary judgment must satisfy the burden of proof by offering more than a 'mere scintilla of evidence' and must produce evidence sufficient for a reasonable jury to find in a nonmoving party's favor." *Williams v. Precision Coil, Inc*., 194 W. Va. 52, 60, 459 S.E.2d 329, 337 (1995).

On appeal, Mr. Faulk advances two arguments. First, Mr. Faulk argues that the circuit court erred in finding that he did not establish a prima facie case of race discrimination. Second, Mr. Faulk avers that the circuit court erred in finding that he did not establish a prima facie case of a hostile work environment.

Turning to Mr. Faulk's claim of racial discrimination, the Supreme Court of Appeals of West Virginia has held that "[t]o successfully defend against a motion for summary judgment, the plaintiff must make some showing of fact which would support a prima facie case for his claim." Syl. Pt. 2, *Conaway,* 178 W. Va. at 166, 358 S.E.2d at 425. In order to make a prima facie case of employment discrimination in West Virginia, the plaintiff must establish "(1) That the plaintiff is a member of a protected class; (2) That the employer made an adverse decision concerning the plaintiff; and (3) But for the plaintiff's protected status, the adverse decision would not have been made." *Id.* at 166, 358 S.E.2d at 425, syl. pt. 3; *see also* Syl. Pt. 1, *Knotts v. Grafton City Hosp.,* 237 W. Va. 169, 786 S.E.2d 188 (2016). Our Supreme Court has further recognized that because there is normally little direct proof of discrimination available, "[w]hat is required of the plaintiff is to show some evidence that would sufficiently link the employer's decision and the plaintiff's status as a member of a protected class so as to give rise to an inference that the employment decision was based on an illegal discriminatory criterion." *Conaway*, 178 W. Va. at 171, 358 S.E.2d at 430. If the plaintiff is successful in creating a rebuttable presumption of discrimination, the burden shifts to the defendant to offer a legitimate and nondiscriminatory reason. *See Id*. at 166, 358 S.E.2d at 425, syl. pt. 4. If a defendant makes this showing, the plaintiff is required to show that the legitimate, nondiscriminatory reason for his termination was pretextual. *See Id*.

Upon review, we find no error in the circuit court's decision to grant summary judgment. We agree that Mr. Faulk failed to make a prima facie case of either race discrimination or a hostile work environment. While we recognize that Mr. Faulk is a member of a protected class and the Hospital made an adverse employment action against him in terminating his contract, he did not produce evidence that, but for his protected status, the Hospital would not have ended his contract. Because Mr. Faulk did not demonstrate a racial motivation for his termination, he cannot satisfy the third "but for" prong and cannot make a prima facie case for his discrimination claim. Further, even if Mr. Faulk could prove a prima facie case of race discrimination, the Hospital offered a nondiscriminatory reason for his termination and stated that his contract was terminated due to the numerous allegations made against him, in order to mitigate risk. Mr. Faulk did not provide any evidence that this reason was merely a pretext. The Hospital stated that Mr. Faulk missed a total of 112 days of work while at the Hospital due to five APS investigations into his behavior. Further, Mr. Faulk was not a full-time employee of the Hospital, and was thus not entitled to a progressive disciplinary policy. Because Mr. Faulk did not produce evidence demonstrating a prima facie case of race discrimination, we find that summary judgment was appropriate.

4

Similarly, the circuit court found that Mr. Faulk failed to meet his burden of establishing a claim of a hostile work environment. To establish a claim for a racially hostile work environment, our Supreme Court has set forth that a plaintiff must prove the following:

> To establish a claim for ancestral discrimination, under the West Virginia Human Rights Act, West Virginia Code §§ 5-11-1 to -20 (1999) based upon a hostile or abusive work environment, a plaintiff-employee must prove that: (1) that the subject conduct was unwelcome; (2) it was based on the ancestry of the plaintiff; (3) it was sufficiently severe or pervasive to alter the plaintiff's conditions of employment; and (4) it was imputable on some factual basis to the employer.

Syl. Pt. 2, *Fairmont Specialty Serv. v. W. Va. Human Rights Comm'n*, 206 W. Va. 86, 522 S.E.2d 180 (1999).

Further, our Supreme Court has stated that for a hostile work environment claim to be actionable, "the offensive environment must be sufficiently severe or pervasive so as to alter the conditions of employment and create an abusive working environment." *Burke v. Wetzel Cnty. Comm'n*, 240 W. Va. 709, 723, 815 S.E.2d 520, 534 (2018). "[I]solated comments. . . are insufficient to create a hostile work environment." *Johnson v. Killmer*, 219 W. Va. 320, 325, 633 S.E.2d 265, 270 (2006) (per curiam).

Mr. Faulk admitted in a deposition that he was not called derogatory names by his fellow employees or supervisors, he never felt that he was given assignments based on his race, and he never felt excluded or discriminated against prior to the rape allegation and his termination. Further, he did not allege any continuous behavior that was severe enough to alter the conditions of his work environment or create an abusive environment. In fact, Mr. Faulk alleged that the Hospital's sole discriminatory act was its decision to end his contract. Ultimately, Mr. Faulk failed to produce evidence in support of his claim, as he did not demonstrate the required elements for a claim of a hostile work environment. Thus, we find that it was appropriate for the circuit court to grant summary judgment for the Hospital.

Accordingly, we affirm the Circuit Court of Cabell County's September 28, 2022, "Order Granting Defendant's Motion for Summary Judgment."

Affirmed.

**ISSUED:** November 1, 2023

**CONCURRED IN BY:**

Chief Judge Daniel W. Greear
Judge Thomas E. Scarr
Judge Charles O. Lorensen