# STATE OF WEST VIRGINIA
## SUPREME COURT OF APPEALS

**Robert Eagle,**
**Plaintiff Below, Petitioner**

**vs) No. 16-0093** (Hardy County 15-C-37)

**Eastern West Virginia**
**Community and Technical**
**College and Charles Terrell,**
**Defendants Below, Respondents**

**FILED**

**April 7, 2017**

RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

## AMENDED MEMORANDUM DECISION

Petitioner Robert Eagle, by counsel Harley O. Staggers Jr., appeals the Circuit Court of Hardy County's January 4, 2016, orders granting respondents' motions to dismiss. Respondents Eastern West Virginia Community and Technical College ("Eastern") and Dr. Charles Terrell, by counsel Matthew R. Whitler and Benjamin P. Warder, filed a response and a supplemental appendix. Petitioner filed a reply. On appeal, petitioner argues that the circuit court erred in granting respondents' motions to dismiss upon its doubt that petitioner would prevail in the action and by applying an incorrect standard of review.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the circuit court's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

In 2015, petitioner filed a complaint against his employer and respondent herein, Eastern. Petitioner also named Dr. Terrell, president of the college and respondent herein, as a defendant, both in his individual capacity and in his capacity as president of the college. In June of 2015, petitioner filed an amended complaint. According to the amended complaint, petitioner alleged that respondents threatened to terminate him and another employee, Tim Riggleman, sometime in 2012. Later, petitioner testified at a trial upon Mr. Riggleman's claims against Eastern based upon the West Virginia Human Rights Act ("WVHRA"). According to petitioner, three months after Mr. Riggleman's trial, Eastern disciplined him for hiring an individual who was never actually hired. Accordingly, petitioner filed a complaint against respondents for violation of the WVHRA. Petitioner alleged that because of these issues, the resulting hostile work environment altered the conditions of his employment.

In July of 2015, both respondents filed individual answers to petitioner's amended complaint, in addition to motions to dismiss the same. Following additional briefing on the

1

motions to dismiss, the circuit court held a hearing on the motions in December of 2015. Thereafter, in January of 2016, the circuit court entered orders granting both of respondents' motions to dismiss. In the orders, the circuit court specifically found that petitioner's claims regarding events that occurred in 2012 were barred by the applicable statute of limitations. As to the timely causes of action, the circuit court found that petitioner's allegations against respondents "amount to nothing more than generalized workplace grievances pertaining to routine personnel issues" and did not rise to the level of actionable conduct committed by respondents. It is from these orders that petitioner appeals.

We have previously held that "'[a]ppellate review of a circuit court's order granting a motion to dismiss a complaint is *de novo*.' Syllabus Point 2, *State ex rel. McGraw v. Scott Runyan Pontiac-Buick, Inc.*, 194 W.Va. 770, 461 S.E.2d 516 (1995)." Syl. Pt. 2, *Hill v. Stowers*, 224 W.Va. 51, 680 S.E.2d 66 (2009). Additionally, we have held as follows:

> "The trial court, in appraising the sufficiency of a complaint on a Rule 12(b)(6) motion, should not dismiss the complaint unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." Syl. Pt. 3, *Chapman v. Kane Transfer Co.*, 160 W.Va. 530, 236 S.E.2d 207 (1977).

Syl. Pt. 2, *Roth v. DeFeliceCare, Inc.*, 226 W.Va. 214, 700 S.E.2d 183 (2010). Further, in addressing employment discrimination, we have set forth the following standard:

> "In order to make a prima facie case of employment discrimination . . . the plaintiff must offer proof of the following: (1) That the plaintiff is a member of a protected class. (2) That the employer made an adverse decision concerning the plaintiff. (3) But for the plaintiff's protected status, the adverse decision would not have been made." Syllabus Point 3, *Conaway v. Eastern Associated Coal Corp.*, 178 W.Va. 164, 358 S.E.2d 423 (1986).

Syl. Pt. 2, *Johnson v. Killmer*, 219 W.Va. 320, 633 S.E.2d 265 (2006). Upon our review, the Court finds no error in the circuit court's orders granting respondents' motions to dismiss.

In granting respondents' motions to dismiss, the circuit court specifically found that the allegedly discriminatory acts of which petitioner complained "amount[ed] to nothing more than generalized workplace grievances pertaining to routine personnel issues" and, therefore, did not rise to the level of actionable conduct by respondents. According to petitioner, this finding evidences the circuit court's failure to apply the appropriate standard of review in granting respondents' motions to dismiss, as the circuit court improperly granted those motions because it did not believe he could prevail on her claims. To the contrary, the record on appeal is clear that the circuit court applied the appropriate standard of review and made its ruling upon the fact that, beyond doubt, petitioner could establish no set of facts that would entitle him to relief. This Court finds that the evidence supports the circuit court's findings.

On appeal, petitioner argues that respondents discriminated against him, in part, because of his December of 2014 testimony in Mr. Riggleman's trial against Eastern. However, the

record on appeal is clear that several of the alleged instances of discrimination of which petitioner complains occurred prior to his testimony in that separate proceeding. As such, it is unclear how respondents were alleged to have retaliated for an act that had not yet occurred. Further, of the alleged retaliatory acts that occurred following petitioner's testimony, the circuit court was correct in determining that these acts did not rise to the level of actionable discrimination. One of the alleged retaliatory acts involved an electronic correspondence from Dr. Terrell regarding the Riggleman trial that did not relate to petitioner, and other alleged acts related to disciplinary acts taken against petitioner with which he did not agree. At no point does petitioner indicate how any of these alleged acts of retaliation constitute an adverse decision against him or set forth any evidence that respondents would not have engaged in these acts but for his protected class. Moreover, it is unclear to which protected class petitioner alleges he belongs. Simply put, petitioner has failed to establish a prima facie case of employment discrimination, and the circuit court correctly granted respondents' motions to dismiss.

Lastly, petitioner takes issue with the circuit court's finding that Dr. Terrell was immune from liability below. The Court, however, finds that this issue is irrelevant to the resolution of this appeal, given that the circuit court specifically found that, despite Dr. Terrell's immunity, none of the alleged acts that he committed constituted valid claims of discrimination. As such, it is unnecessary to address the appropriateness of the circuit court's ruling with regard to Dr. Terrell's immunity.

For the foregoing reasons, the circuit court's January 4, 2016, orders granting respondents' motions to dismiss are hereby affirmed.

Affirmed.

**ISSUED**:  April 7, 2017

**CONCURRED IN BY**:

Chief Justice Allen H. Loughry II
Justice Robin Jean Davis
Justice Menis E. Ketchum

**DISSENTING:**

Justice Margaret L. Workman

**DISSENTING AND WRITING SEPARATELY:**

Justice Elizabeth D. Walker

WALKER, J., dissenting:

The majority's cursory review of the circuit court's ruling granting Respondents' respective motions to dismiss overlooks significant legal issues and this Court's own precedent. Thus, I respectfully dissent. Occasionally there are circumstances when a motion to dismiss pursuant to Rule 12(b)(6) is appropriate in a case brought pursuant to the West Virginia Human Rights Act, West Virginia Code §§ 21-5-1 through -20 (the "Act"). In my view, this is not one of those cases.

Specifically, I do not believe that my colleagues in the majority gave appropriate attention to our long-held rule regarding motions to dismiss:

> The trial court, in appraising the sufficiency of a complaint on a Rule 12(b)(6) motion, should not dismiss the complaint unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.

Syl. pt. 3, *Chapman v. Kane Transfer Co., Inc.*, 160 W.Va. 530, 236 S.E.2d 207 (1977) (citation omitted). This Court has explained that the principles governing the sufficiency of a complaint in this State have been stated as follows:

> The Supreme Court stated in *Dimon v. Mansy* [198 W.Va. 40, 479 S.E.2d 339 (1996)] that "'the singular purpose of a Rule 12(b)(6) motion is to seek a determination whether the plaintiff is entitled to offer evidence to support the claims made in the complaint.'" All that is required to state a cause of action is a short and plain statement of a claim that will give the defendant fair notice of what plaintiff's claim is and the grounds upon which it rests. The Supreme Court has recognized that a motion under Rule 12(b)(6) should be viewed with disfavor and rarely granted. If the complaint states a claim upon which relief can be granted under any legal theory, a motion under Rule 12(b)(6) must be denied. Further, the mere failure of a complaint to identify the correct statutory section for a cause of action is not fatal, so long as the complaint pleads facts that state a cause of action under the correct section of a statute. However, "if a plaintiff does not plead all of the essential elements of his or her legal claim, a [trial] court is required to dismiss the complaint pursuant to Rule 12(b)(6)." [sic]
>
> A trial court should not dismiss a complaint merely because it doubts that the plaintiff will prevail in the action, because this is neither the purpose nor function of Rule 12(b)(6). If the complaint alleges sufficient facts, it must survive a Rule 12(b)(6) motion to dismiss even if it appears that recovery is very remote and unlikely. . . On a motion to dismiss, the complaint is construed in the light most favorable to the plaintiff. However, a trial court is

4

> free to ignore legal conclusions, unsupported conclusions, unwarranted references and sweeping legal conclusions cast in the form of factual allegations.
>
> Although a plaintiff's burden in resisting a motion to dismiss is a relatively light one, the plaintiff is still required at a minimum to set forth sufficient information to outline the elements of his/her claim. If plaintiff fails to do so, dismissal is proper . . . .
>
> Whether a complaint states a claim upon which relief may be granted is to be determined solely from the provisions of such complaint. Only matters contained in the pleading can be considered on a motion to dismiss under Rule 12(b)(6) . . . .

*Brown v. City of Montgomery*, 233 W.Va. 119, 126-127, 755 S.E.2d 653, 660-661 (2014) (citing Franklin D. Cleckley, Robin J. Davis, & Louis J. Palmer, Jr., *Litigation Handbook on West Virginia Rules of Civil Procedure*, § 12(b)(6)[2], at 384–88 (4th ed. 2012) (footnotes omitted)).

Petitioner was employed by Eastern West Virginia Community and Technical College (the "College"). Petitioner brought the underlying action against the College and its President, Dr. Charles Terrell. Petitioner's amended complaint alleges, among other things, that he was retaliated against in violation of the Act shortly after testifying as a witness in a jury trial against the College and Dr. Terrell. The amended complaint cites § 5-11-9 of the Act, which, among other things, makes it an unlawful discriminatory practice for "any person, employer, employment agency, labor organization, owner, real estate broker, real estate salesman or financial institution" to:

> Engage in any form of reprisal or otherwise discriminate against any person because he or she has opposed any practices or acts forbidden under this article or because he or she has filed a complaint, testified or assisted in any proceeding under this article.

W.Va. Code § 5-11-9(7)(C).

Petitioner states in his amended complaint that he opposed unlawful discriminatory practices. Petitioner alleges that he was unfairly disciplined and that "[Respondents] engaged in a pattern of abusive behavior and unwarranted threats after his truthful testimony." He further alleges that Respondents "were motivated in their escalated harassment and unfair discipline because of his testimony and opposition to the unlawful discriminatory practices." According to the amended complaint, "[t]he hostile working environment created by [Respondents] was so intolerable that [Petitioner] was forced to leave his employment." With regard to Dr. Terrell, Petitioner alleges in his amended complaint that "the individual conduct of [Respondent] Charles Terrell was willful, deliberate, intentional, and was taken with the total disregard for the rights and sensibilities of [Petitioner] and similarly situated individuals."

Respondents contend that Petitioner's factual allegations are nothing more than bald, vague statements. Respondents insist that Petitioner's claims amount to nothing more than generalized workplace grievances pertaining to routine personnel issues. In addition, Dr. Terrell

argues that he is entitled to sovereign immunity in spite of Petitioner's allegations to the contrary. The circuit court agreed and granted Respondents' respective motions to dismiss pursuant to Rule 12(b)(6).

The circuit court clearly imposed on Petitioner a higher standard than this Court has established for the sufficiency of pleadings in the context of a Rule 12(b)(6) motion. The orders discuss facts outside the pleadings and analyze Petitioner's likelihood of success as opposed to determining whether it is "beyond doubt that the [Petitioner] can provide no set of facts in support of his claim which would entitle him to relief." The majority's affirmation of this approach is contrary to our precedent and overlooks applicable law.

I would have reversed the circuit court's order and remanded the case to allow for further proceedings. Accordingly, I dissent.